UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

AVA'S DELIGHTS, LLC, a Florida Limited Liability
Company, d/b/a ECOVIEW WINDOWS OF
CENTRAL FLORIDA, a registered fictitious name,

     Plaintiffs,

v.

CORY SMITH, an individual resident of Florida,
COASTAL HOME & PATIO, LLC, a Florida
Limited Liability Company, JAMES DOBYNE, a resident
of Alabama, and ECOVIEW AMERICA,
a company of unknown legal origin or existence,

     Defendants.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF RIGHTS IN TRADEMARK LICENSE**

COMES NOW, Plaintiff, AVA'S DELIGHTS, LLC, d/b/a ECOVIEW WINDOWS OF CENTRAL FLORIDA, a Florida Registered Fictitious Name, and sues Defendants, CORY SMITH ("Smith"), an individual resident of Florida, COASTAL HOME & PATIO, LLC, ("Coastal") a Florida Limited Liability Company, JAMES DOBYNE ("Dobyne"), a resident of Alabama, and ECOVIEW AMERICA, ("Ecoview America") company of unknown legal origin or existence, and alleges as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1051 et seq., for a declaratory judgment that the Plaintiff does not infringe any statutory or common-law trademark rights of Defendant's, that the Plaintiff is the

1

owner of the trademark ECOVIEW WINDOWS OF CENTRAL FLORIDA, that Defendants are committing acts of trademark infringement by virtue of using the mark, or licensing others to use the mark; and that any purported license for the ECOVIEW WINDOWS OF CENTRAL FLORIDA trademark is tantamount to a "naked license," and that Plaintiff is the owner of the trademark under the common law and has the right to own the mark, and to use the trademark in its territory of use, as permitted by law.

2.      Plaintiff also seeks a Declaratory Judgment that its use of the ECOVIEW WINDOWS OF CENTRAL FLORIDA trademark does not render it liable to any of the Defendants or its franchisees/licensees for unfair competition or dilution under federal law, 15 U.S .C . § 1125(a), (c), or (d), or the unfair competition or trademark dilution laws of any state . An actual controversy exists between the parties as to whether the Plaintiff has been or is currently infringing federally registered and/or common law trademarks allegedly belonging to the Defendant.

3.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC §1121, and 28 USC §1331, §1332, and 1367.  This Court has subject-matter jurisdiction over the claims set forth below under 28 U.S .C. §§ 1331 and 1338(a)-(b) and 15 U.S.C. § 1121(a), and over the related state statutory and common-law claims set forth below under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and 1367(a) .

4 .     This is a Complaint against Defendants for injunctive relief based on continued and willful trademark infringement, arising under the Lanham Act, 15 USC § 1051. *et. seq*., and 15 USC §1116, and for trademark infringement and calculated damages pursuant to state and federal law and 15 USC §1117.

5. Venue is proper under 28 USC §§ 1391 because each of the Defendants either resides or has a principal place of business in this judicial district, and a substantial portion of the events which serve as the basis for the Complaint occur or have occurred here.

6. The acts of trademark infringement complained of occur in this judicial district.

## RELEVANT FACTS

7. On April 27, 2015, while seated at a restaurant located in this Judicial District, Plaintiff entered into a written Agreement with Defendants DOBYNE and ECOVIEW AMERICA. The original document and any copies of the Agreement are possessed by Defendants, and Plaintiff was never given a copy.

8. In the Agreement, Plaintiff purchased an existing business from Defendants DOBYNE and ECOVIEW AMERICA, through its related companies, and as a condition, Plaintiff paid $40,000.00, through which Plaintiff would receive, amongst other things, the exclusive right to own, and to use the ECOVIEW WINDOWS OF CENTRAL FLORIDA trademark.

9. Additionally, Defendants would not compete in the territory, which is defined as the Florida counties of Lake, Orange, and Seminole, and the area defined as South of Highway 44 and West of I-95 in Volusia County, Florida ("the Territory").

10. Plaintiff has, since at least as early as 2015, and at all times relevant, operated successfully under the ECOVIEW WINDOWS OF CENTRAL FLORIDA in the Territory, and has made sales in excess of $1,000,000 per year.

11.     Plaintiff has dedicated enormous resources to promoting the business under the ECOVIEW WINDOWS OF CENTRAL FLORIDA trademark, has created jobs, and substantial goodwill in the trademark.

12.     Upon information and belief, Defendants DOBYNE and ECOVIEW AMERICA, have now licensed another, namely, Defendants CORY SMITH and COASTAL HOME & PATIO, LLC to compete in the Territory with Plaintiff, despite having no right to do so, and after having sold the rights to Plaintiff.

13.     Defendants, DOBYNE and ECOVIEW AMERICA have recently sent various cease and desist letters to Plaintiff, demanding that Plaintiff immediately stop its use of the ECOVIEW trademark in the Territory, despite having no right to do so, and after having sold the rights to Plaintiff.  Attached as Exhibit A is a copy of the cease and desist letters, threatening near immediate legal action against Plaintiff if Plaintiff does not cease its use of ECOVIEW.

14.     Plaintiff is the exclusive owner of the right to use ECOVIEW in a trademark in the Territory.

15.     Defendants DOBYNBE and ECOVIEW AMERICA have, upon information and belief, now licensed Defendants SMITH and COASTAL to compete unfairly with Plaintiff in the Territory, and for the use of ECOVIEW as a trademark in the Territory.

16.     Such unlawful competition and acts of infringement have resulted in a likelihood of confusion, and instances of actual confusion.

17.     The terms of the license, to the extent that a license exists, is tantamount to a naked license, in that the agreement provides no means for controlling the ECOVIEW trademark, no

provisions for controlling the quality of goods, the services, the advertising, or promotion, and there is no provision for any royalty, as the only price for payment for the rights, to the extent that any rights were transferred, was for the purchase of the business, and all sums have been paid in full.

18. Plaintiff is the owner of the ECOVIEW trademark under the common law, and under the applicable trademark statutes, and the public has come to know only Plaintiff as the source of the goods and services under which the mark is used.

19. Defendants SMITH and COASTAL are using the ECOVIEW mark to sell identical goods and services, namely, installation of windows in the Territory, and are doing so in violation of Plaintiff's exclusive right to the sue of the mark in the Territory.

20. It is believed that Defendants DOBYNE and ECOVIEW AMERICA are selling multiple licenses, including licenses in this Territory, and in this Judicial District, and are doing so without the right to do so, and in violation of the agreements in which they entered into with Plaintiff.

21. Defendants, SMITH and COASTAL are, by virtue of using the ECOVIEW trademarks in the Territory, are committing acts of trademark infringement, in violation of Plaintiff rights, the use is causing irreparable harm, is leading to confusion in the marketplace and Territory, resulting in damages to Plaintiff at law.

## COUNT I-CLAIM FOR DECLARATORY RELIEF

22 . Plaintiff re-alleges and incorporates by reference the averments contained in all previous paragraphs 1-21, as if fully set forth verbatim herein.

23. Plaintiff is the owner of the ECOVIEW trademark in the Territory.

24. Defendants have no rights in the ECOVIEW trademark in the Territory, yet have undertaken acts by them to assert ownership over the ECOVIEW trademark in the Territory, having issued licenses to competitors SMITH and COASTAL, and maybe others.

25. As a result of Defendants having no rights to exclude Plaintiff from using the ECOVIEW trademark, and despite Plaintiff having the exclusive right to the use of the mark in the Territory, have caused such uncertainty in the market as to permit others to unlawfully compete with Plaintiff, at Plaintiff's detriment.

26. Plaintiff's rights to the peaceful and exclusive rights in the ECOVIEW mark in the Territory under the common law and under applicable US trademark statutes, necessitates a ruling from this Court as to the rights of the respective parties in and to the ECOVIEW trademark for use on windows, installation services, and related goods and services.

27. Defendants permitting third parties to use the ECOVIEW trademark in competition with Plaintiff, is a fraud on the public, and is an element of Defendants' abandonment of any trademark rights it may have had in the ECOVIEW trademark.

29. Plaintiff's rights in the ECOVIEW trademark serve to estop Defendants from asserting any further rights to the mark in the Territory.

30. Defendants have not exercised the required dominion and control over the use of the ECOVIEW trademark in the Territory, does not monitor the quality, pricing, sales, service, or other parameters of the use of the mark, and are prohibited from asserting any further rights in the mark, resulting in abandonment of any rights they may ever have had.

31.     Defendants are not entitled to assert infringement against the Plaintiff by reason of acquiescence, estoppel, and latches. Plaintiff has been using the mark without objection from Defendants since at least as early as April 2015.

32.     Defendants, upon information and belief, are intentionally deceiving the public as to the scope of their rights in the ECOVIEW trademark, and have threatened immediate legal action, placing Plaintiff in the position of having to seek legal redress by this Court as to the rights under the ECOVIEW trademark, any licenses or agreements entered into, and the party with the exclusive right to use the trademark in the Territory.

## COUNT II-INJUNCTIVE RELIEF

33.     Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

34.     This is an action for injunctive relief based on continued trademark infringement/false designation of origin under 15 USC §§1114, 1116 and 1125, and Defendants are causing a likelihood of confusion, initial interest confusion, unfair competition, and common law trademark infringement.

35.     Defendants, without the consent of Plaintiff, are using the ECOVIEW trademark in connection with the sale, offer for sale, distribution, and advertisement of windows, doors, installation services, and related goods and services, amongst other things.

36.     Defendants' use of the ECOVIEW trademark is causing irreparable harm as Plaintiff is not able to control the goodwill associated with its ECOVIEW trademarks, resulting in confusion, and loss of sales.

37.     Plaintiff has no adequate remedy at law.

38.     The harm caused to Plaintiff far outweighs the harm to Defendants as Defendants are not entitled to benefit from trademark infringement under the law, and any harm derived is of its own doing.

39.     Plaintiff is likely to succeed on the merits, and the public is entitled to avoid a likelihood of, and, actual confusion.

## COUNT III-FEDERAL UNFAIR COMPETITION

40.     Plaintiff re-alleges and incorporates paragraphs 1-32 as though set forth in full herein.

41.      Pursuant to 15 USC §1125(a), Defendants' acts constitute unfair competition and false designation of origin.

42.     Under Section 43(a) of the Lanham Act, Defendants' use of the ECOVIEW trademark in the sale, distribution, and advertisement of windows, doors, installation services, and related goods and services, amongst other things, constitutes unfair competition and false designation of origin by causing a likelihood of confusion as to the source and sponsorship of Defendants' goods and services.

43.     Defendants' use of the ECOVIEW trademark in connection with the sale, offering for sale, distribution, and advertisement of windows, doors, installation services, and related goods and services, amongst other things, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship or approval of their goods by Plaintiff.

44. Defendants' use of the ECOVIEW trademark is causing and will continue to cause damage to Plaintiff, including, but without limitation, irreparable harm for which there is no adequate remedy at law.

### COUNT IV-TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125(a)

45. Plaintiff re-alleges and incorporates paragraphs 1-32 as though set forth in full herein.

46. This is an action for trademark infringement/false designation of origin under Section 43(a) of the Lanham Act, 15 USC §1114, §1115, §1117, and §1125(a).

47. Defendants, without the consent of Plaintiff, is using the ECOVIEW Marks in connection with the sale, offering for sale, distribution, and advertisement of windows, doors, installation services, and related goods and services, amongst other things, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff's ECOVIEW trademark, or as to the origin, sponsorship, or approval of their goods by Plaintiff.

48. Further, Defendants have falsely misrepresented the nature, characteristics, qualities, and geographic origin of its goods and services and commercial activities, as reflected in Defendants' product packaging, website, advertising materials, brochures, signage and distribution materials.

49. Defendants' use of the infringing ECOVIEW trademark, as described herein, is causing and will continue to cause damage to Plaintiff, including, but is not limited to, irreparable harm for which there is no adequate remedy at law.

### COUNT V-COMMON LAW TRADEMARK INFRINGEMENT

50. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as though fully set forth in

full herein.

51. Defendants conduct described herein constitutes common law trademark infringement under 15 USC §1125(a) unfair competition under Florida law and Fla.Stat. §495.151.

52. Defendants' conduct is willful and intentional, and has caused and is continuing to cause irreparable injury for which there is no adequate remedy at law.

## COUNT VI-DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. §501.201

53. Plaintiff re-alleges and incorporates paragraphs 1-32 as though set forth in full herein.

52. This is an action under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

53. Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are affiliated, connected or associated with Plaintiff's goods and services or that Defendants' goods and services originated with or are sponsored by or approved by Plaintiff.

54. As such, Defendants have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair, deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204, and are so egregious that Plaintiff should be entitled to its fees and costs under Fla. Stat. § 201.2105.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for trial by jury, and that the Court award the following relief:

A.	Temporary and/or permanent injunctive relief by enjoining Defendants, its officers, employees, and agents, and all persons or entities in active concert with it, from using, displaying, advertising, or selling their goods under, or from otherwise doing business under the ECOVIEW Marks and any other confusingly similar alternative or variation thereof;

B.	Order Defendants to terminate and cancel all domain names for the Territory, and Registrations that contain the ECOVIEW Marks;

C.	Order the forfeiture, and/or destruction of any windows, doors, installation services, clothing, printed materials, store signage, advertisements, web sites, or any other items or materials containing any variation of the ECOVIEW Marks;

D.	Pay damages as so permitted by applicable law, and for an award of attorneys fees for a finding of exceptional case, or that are required by law or contract;

E.	 For a declaratory judgment that: (1) That Plaintiff is the owner of the ECOVIEW trademark in the Territory; (2) That the Court declare that Defendants mark is invalid and unenforceable on the grounds of the Defendants' abandonment of the mark and/or failure to take adequate measures to control the trademark, its use, the quality of the goods and services sold under ECOVIEW trademark, renders the license a naked license; (3) That the Court award the Plaintiff all the costs of this action, and that the Plaintiff be awarded all expenses incurred in this litigation, including reasonable attorney's fees, by law and/or by contract; and, (4) That the Court award the Plaintiff such other and further relief as the Court deems just and equitable.

Dated: July  30, 2020	Respectfully submitted,

By:/s/ Louis R. Gigliotti/
Louis R. Gigliotti, Esq.

                                                Louis R. Gigliotti, PA
                                                Florida Bar No.: 71935
                                                1605 Dewey Street
                                                Hollywood, FL 33020
                                                Ph: (954) 471 4392
                                                lgigliotti@bellsouth.net

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the forgoing was filed ECF and served via electronic mail on this 30th day of July, 2020.


                                        By:    <u>/s/Louis R. Gigliotti</u>
                                                    Louis R. Gigliotti, Esq.